CHESAPEAKE, OHIO & SOUTHWESTERN RAILROAD COM-
PANY *v.* BARLOW.

(*Jackson.* May 1st, 1888.)

NEW TRIAL. *Statements of Judge to jury. Reversible error.*

The Circuit Judge, upon the jury's report that they could not agree upon a verdict, said " that it seemed to be a very difficult matter for juries at the present term of the Court to decide questions of fact submitted to them ; that it seemed to the Court that nearly every jury had returned and said they could not agee ; " and that " they ought to agree and decide cases, for they had to be decided by juries ; " and " that he had no idea of discharging them, but would keep them together on the case during the entire term, if it lasted three weeks, unless they sooner agreed upon it." Next day the jury returned a verdict.

*Held:* Reversible error.

Cases cited and approved : Taylor *v.* Jones, 2 Head, 565 ; Hancock *v.* Elam, 3 Bax., 33 ; 85 Tenn., 240.

FROM DYER.

Appeal in error from the Circuit Court of Dyer County. T. J. FLIPPIN, J.

Action for personal injuries brought by Laura E. Barlow against the Chesapeake, Ohio & South-western Railroad Co. While plaintiff was riding on horseback at or near a public crossing of de-fendant's road her horse became frightened at the

blowing of the whistle of one of defendant's engines and threw her, whereby she sustained the injuries sued for.

Plaintiff avers that defendant's servants blew the whistle negligently and maliciously. Judgment for $2,000 in favor of plaintiff. Defendant appealed.

HOLMES CUMMINS for Railroad Company.

LATTA & RICHARDSON for Barlow.

TURNEY, C. J. At the close of the second day after the cause had been submitted to the jury, it came in and stated to the Court that it was not able to agree on a verdict. "The Court thereupon said to the jury that it seemed to be a very difficult matter for juries at the present term of the Court to decide questions of fact submitted to them; that it seemed to the Court that nearly every jury had returned and said they could not agree."

"The Court, therefore, said to the jury that they ought to agree and decide cases, for they had to be decided by juries; that he had no idea of discharging them, but would keep them together on said case during the entire term, if it lasted three weeks, unless they sooner agreed upon it. The next day the jury again received the papers, and in the evening brought in their verdict."

This action of the Court is assigned for error, and falls within the rule as declared in *Jones* v.

*Taylor,* 2 Head, 565; *Hancock* v. *Elam,* 3 Baxter, 33–4; *Railroad* v. *Winters,* 1 Pickle, 245–6.

The reasons why this is error are given in the cases cited, and will not be repeated here.

Reverse and remand for a new trial.